IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ANGELA N. INGRAM, | : |
| Plaintiff | : |
| VS. | : |
| | : 7 : 08-CV-56 (HL) |
| MICHAEL J. ASTRUE, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

**RECOMMENDATION**

The plaintiff herein filed this Social Security appeal on April 30, 2008, challenging the Commissioner's final decision denying her application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

*Background*

The plaintiff filed applications for disability and Supplemental Security Income benefits in March 2005, alleging disability since October 11, 2001, due to back pain, high blood pressure, arthritis, diabetes, and the effects of an earlier-suffered stroke. Her applications were denied initially and upon reconsideration. Following a hearing on June 13, 2007, an ALJ determined that the plaintiff was not disabled, as she retained the residual functional capacity to perform light work activity with certain restrictions and could return to her past relevant work as a cashier/clerk. The Appeals Council denied review and the plaintiff then filed this appeal, arguing that the ALJ improperly rejected the opinions of treating and consultative physicians, erred in assessing plaintiff's credibility, and failed to consider all of her impairments.

*Discussion*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

*Treating physician*

The plaintiff argues initially that the ALJ improperly rejected the opinions of treating physician Dr. Roberto Duran and consultative physician Dr. Larry E. Smith. Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner will "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner." "A statement by a

2

medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. § 404.1527(e)(1).

In general, the opinions of treating physicians are given substantial or considerable weight unless good cause is shown to the contrary. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). Good cause has been found to exist "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted). As the Lewis court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition." Id.

The ALJ determined that the plaintiff suffered from degenerative disc disease, diabetes and obesity and that she had a residual functional capacity for light work with climbing and crawling restrictions. In making this decision, the ALJ noted that he

> considered the diagnoses of Larry E. Smith, M.D.. However, these diagnoses are not substantiated by the objective evidence particularly the negative neurological examination in November 2005, negative x-rays of the back and hip in March 2005, and claimant's minimally affected heart after EKG and ECG in November 2005. Accordingly, these diagnoses are discounted. The undersigned also considered the opinion of Roberto Duran, M.D., who indicated that claimant is unable to engage in any substantial gainful activity. This is inconsistent with the assessment of claimant's treating orthopedist, Andrew Schneider, M.D. Accordingly, this opinion is discounted.

R. at 13-14.

The plaintiff argues that the ALJ erred in rejecting all medical opinions of record,

specifically those of Dr. Duran and Dr. Smith, opinions that plaintiff argues are not inconsistent with the medical record and support the plaintiff's claims of disability.

The ALJ considered the opinions issued by both Dr. Smith and Dr. Duran, but properly concluded that these reports of total disability were inconsistent with assessments from plaintiff's treating orthopedist, which showed only mild changes in plaintiff's spine and a gross motor strength of 4/5. Plaintiff's physician noted in March 2004 that "[s]he has vague diffuse weakness throughout all muscle groups of her lower extremities without matching imaging studies on her MRI." R. at 398. Additionally, the ALJ looked to other evidence in the objective medical record and concluded that this evidence did not support the disability as alleged by the plaintiff, with negative x-ray findings from March 2005 of plaintiff's lumbar spine and hip. A November 2005 neurological evaluation was negative. Plaintiff's activities, including rising at 7:00 a.m. to ready her grandson for school and daily household chores, as well as the overall lack of medical findings to support Dr. Duran's conclusions of disability further support the ALJ's determination that these medical conclusions were not entitled to deference.

"[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." Syrock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985). To the extent that the plaintiff's physicians concluded that the plaintiff was disabled, the ALJ's rejection of these conclusions and determination that the medical evidence of record did not support a finding of disability are supported by substantial evidence.

*Credibility*

The plaintiff further argues that the ALJ's credibility determination is unsupported by substantial evidence. If the Commissioner "finds evidence of an underlying medical condition,

and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain. Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992); Hand v. Heckler, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability. 20 C.F.R. § 404.1529(a). Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence. 20 C.F.R. § 404.1529(c). The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence." 20 C.F.R. § 404.1529(c)(4). If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff will be deemed disabled. However, if the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

Herein, the ALJ determined that

> [t]he objective evidence does not substantiate the degree of limitation alleged by the claimant. She alleges that she has constant pain in her lower back radiating down into her legs and feet. However, March 2004 x-rays and MRI of her lumbar spine showed only mild degenerative changes with mild neuroforaminal enchroachment. Repeat x-rays of the lumbar spine in March 2005 were negative as were x-rays of claimant's hip. Additionally, neurological examination in November 2005 was negative. Claimant's own testimony regarding her level of pain does not support her allegation that she is disabled. As discussed above, she stated that on a pain scale of 1-10 her back pain is a 6 on a typical day with her leg pain being a 4. However, using a mechanical

> massager and taking over-the-counter Tylenol Arthritis helps relieve some of the pain.
>
> The claimant's admitted activities of daily living also show that she is not as limited as she alleges. She testified that she gets out of bed at 7:00 A.M., gets her grandson ready for school and takes him to school. She does household chores such as laundry, sweeping, mopping, and cooking. She also does a lot of things at her church. She goes to Bible study, teaches Sunday school for 4 year olds, and had a sleepover at the church with ten 4 year olds. She likes to do crafts with the children. Prior to last month she was spending about 12 hours a week at church. She also pulls information off the internet for Sunday school and plays with the internet at home all the time, about 8 hours a day. Finally, she attended her grandson's T-ball games.

R. at 13.

The ALJ thus fully considered plaintiff's medical conditions and complaints, as well as the objective medical record and her own testimony of daily activities, and properly concluded that the plaintiff's allegations were not fully supported by either the objective medical record or her own testimony. The ALJ provided specific examples from the objective medical record and the plaintiff's testimony in support of his conclusion, which the court finds is supported by substantial evidence.

*Consideration of all impairments and conditions*

Finally, the plaintiff argues that the Commissioner failed to consider her obesity and headaches in determining her residual functional capacity. However, the ALJ specifically discussed the plaintiff's obesity and found it to be a severe impairment. He also considered her headaches but found them to be a non-severe impairment. Plaintiff has failed to show that her headaches resulted in any functional limitations or otherwise significantly limited her physical or mental abilities to do basic work activities. The ALJ properly considered all of plaintiff's

6

impairments in combination.

      Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 3rd day of September, 2009.

                                                    /s/ ***Richard L. Hodge***
                                                    RICHARD L. HODGE
                                                    UNITED STATES MAGISTRATE JUDGE

asb